O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-05346 AHM (RCx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | LONE STAR SECURITY & VIDEO, INC. v. CITY OF LOS ANGELES | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This case was transferred back to the Court on April 27, 2010 after a trial in front of Judge William D. Keller and an appeal to the Ninth Circuit. For the reasons set forth below, the Court DISMISSES the action in its entirety.

## I.     INTRODUCTION

The parties are familiar with the factual circumstances of this action, which resulted from the practice of the City of Los Angeles ("Defendant" or "City") of towing trailers owned by plaintiff Lone Star Security & Video, Inc. ("Plaintiff") that functioned as advertising billboards. Plaintiff moved for summary judgment on two of its claims: (1) that Defendant's actions violated its due process rights because Defendant did not provide adequate notice before towing its vehicles; and (2) the municipal code section relied upon by Defendant was preempted by the California Vehicle Code. The Court granted summary judgment in favor of Plaintiff on the invalid-ordinance claim and denied summary judgment on the notice-related claim.

The parties were unable to settle and the case proceeded to trial. On July 16, 2007, Plaintiff and Defendant agreed to the form and content of a final Pretrial Conference Order ("Order"). Paragraph 7 of that Order states, "The sole issue remaining to be tried is the amount of damages to be awarded to plaintiffs." Exhibit A to Defendant's Reply at 8. Paragraph 14 states that the Order "shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice." Exhibit A to Opp. at 9. At the final pretrial conference, the Court had the following colloquy with counsel for Plaintiff:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-05346 AHM (RCx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | LONE STAR SECURITY & VIDEO, INC. v. CITY OF LOS ANGELES | | |

> The Court: Let's go back. . . .  How are you going to prove your case on damages?
> Mr. Wallace: Your honor, my understanding is that the sole issue is damages. The damages –
> The Court: Of course it is.
> Mr. Wallace: The sole issue is the damages, and the damages are those that we can trace to these 77 trailers that have been identified in the Pre-trial Conference Order.

Exhibit C to Defendant's Reply at 7:20-8:3.

The Court subsequently transferred the action to Judge Keller for a trial on damages alone.  Docket No. 85.  After trial, Judge Keller entered judgment in favor of Plaintiff in the amount of $43,110.00, plus costs to include reasonable attorneys' fees.  Docket No. 110.  After entry of judgment, both parties appealed to the Ninth Circuit.  Defendant appealed the Court's pretrial grant of summary judgment in favor of Plaintiff on the invalid ordinance issue and Plaintiff appealed the Court's denial of summary judgment on Plaintiff's notice-related claim.  Docket No. 113.  The Ninth Circuit held that the Court properly rejected Plaintiff's notice-related claim, but reversed the Court's grant of summary judgment in favor of Plaintiff on the invalid ordinance issue and directed that judgment be entered in favor of Defendant on that claim.

On February 4, 2010, after the case was remanded to district court, Judge Keller ordered Plaintiff to show cause in writing why the action should not be closed and what claims, if any, remained.  Docket No. 140.  Defendant filed a reply to Plaintiff's response to the order to show cause.  Docket No. 143.  The matter was transferred back to this Court on April 27, 2010, before any action was taken on the parties' responses to Judge Keller's order to show cause.  Since that time, the parties have done nothing to prosecute this action.

## II. ANALYSIS

### A. Plaintiff's Position

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-05346 AHM (RCx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | LONE STAR SECURITY & VIDEO, INC. v. CITY OF LOS ANGELES | | |

    The gist of Plaintiff's response to Judge Keller's order is that its complaint raised several claims that remain outstanding because they were not dealt with in its motion for summary judgment or addressed at trial. According to Plaintiff, its complaint raised "five principal objections to the City's actions":

    (1) the "invalid ordinance" issue – Plaintiff admits this issue has been fully resolved;

    (2) the pre-impound notice / "chronic offender" issue – both the Court and the Ninth Circuit rejected Plaintiff's claim that the protection of due process required Defendant to provide Plaintiff with reasonable notice before impounding its trailers. Plaintiff contends, however, that the Ninth Circuit premised its holding on Plaintiff's supposed "unique status as a commercial, chronic offender" of the ordinance. Plaintiff now argues that whether it is or is not a "chronic offender" is an issue of fact that has never been litigated or decided in this action;

    (3) the non-violation issue – Plaintiff contended that in most instances its trailers had not been located in one place for more than 72 hours. Therefore, they did not violate the ordinance and were not subject to impound. According to Plaintiff "[b]ecause of the manner in which the case was previously concluded in this Court, that factual contention . . . has never been tried or resolved. The grant of partial summary judgment on the 'invalid ordinance' theory rendered the question of [non-violation] irrelevant" (Plaintiff's Reply at 9);

    (4) the post-impound hearing issue – Plaintiff contended that Defendant's post-impound hearing policies and procedures do not satisfy due process requirements. Plaintiff claims it did not raise this issue in its summary judgment motion due to questions of fact regarding Defendant's policies and procedures. After the Court granted summary judgment on the invalid ordinance theory, there was no reason to address the post-impound issue. Now that judgment on the invalid ordinance theory has been reversed, the issue of post-impound due process remains to be presented and resolved on its merits.

    (5) the First Amendment issue – Plaintiff contended that the City's impound of its sign trailers impaired Lone Star's First Amendment speech rights. Plaintiff alleges that

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-05346 AHM (RCx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | LONE STAR SECURITY & VIDEO, INC. v. CITY OF LOS ANGELES | | |

its trailers bore messages concerning matters of public interest (*e.g.*, commenting on Los Angeles Police Department policies), which constituted political speech. Plaintiff claims it did not raise this issue in its summary judgment motion because triable issues of fact existed, and "[i]n light of the grant of summary judgment on an alternative theory, there was no cause to pursue the First Amendment question at trial."

### B.  Defendant's Position

Defendant argues that Plaintiff has not preserved any claims. It points to the stipulated final pretrial conference order and counsel's statements to the Court confirming that the only issue to be tried was damages. Further, under Federal Rule of Civil Procedure 16(e) ("Final Pretrial Conference and Orders"), "particular evidence or theories which are not at least implicitly included in the order are barred unless the order is first 'modified to prevent manifest injustice.'" *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886-87 (9th Cir. 1981).

Defendant argues that the Court should not modify the Order to expand the issues to be litigated beyond damages. Factors to be considered before modifying a pretrial order (which Plaintiff has not even requested the Court to do) include: (1) the degree of prejudice to the party seeking modification that would result from a failure to modify; (2) the degree of prejudice to the party opposing modification that would result from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith or inexcusable neglect by the party seeking modification. *See id.* at 887.

Defendant claims that it has found no cases permitting modification after judgment has been entered, and concludes that Plaintiff's "failure to raise the issues prior to trial that it now seeks to have litigated was, if not willful and in bad faith, certainly inexcusable neglect." Defendant's Reply at 6. Finally, Defendant argues that Plaintiff abandoned the claims it now seeks to litigate and that it would be seriously prejudiced if Plaintiff was permitted to litigate claims dating back to 2003.

### C.  No Issues Remain to Be Resolved

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-05346 AHM (RCx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | LONE STAR SECURITY & VIDEO, INC. v. CITY OF LOS ANGELES | | |

Plaintiff acknowledges the "invalid ordinance" issue has been fully resolved.

Contrary to Plaintiff's contention, there are no issues remaining regarding the "chronic offender" issue. The Ninth Circuit observed that "[Plaintiff] concedes that the notice provided to first-time offenders was sufficient to satisfy due process, and that it received this notice on multiple occasions." *Lone Star*, 584 F.3d at 1238. The Ninth Circuit then held that "the City's interests in preventing vandalism, abating a nuisance and deterring [Plaintiff's] practices out-weigh [Plaintiff's] uniquely low interest in additional, individualized notices." *Id.* at 1239. Plaintiff conceded it received multiple first-time offender notices and the Ninth Circuit's holding does not rest on any factual determination as to whether or not Plaintiff is a "chronic offender."

Plaintiff abandoned its remaining claims – that it did not violate the ordinance, that post-impound hearing procedures were inadequate, and that Defendant's actions infringed its First Amendment rights – when it agreed to proceed and proceeded to trial only on damages. It could have proceeded on alternative theories (for example, if it was concerned about the possibility of an appeal) or otherwise explicitly preserved its claims, but it failed to do so. Nor will the Court modify the Order to permit Plaintiff to proceed at this late date. Plaintiff will not be prejudiced if this case is finally concluded. As the Ninth Circuit noted, "Lone Star raised two claims under 42 U.S.C. § 1983, contending that its federal due process rights were violated (1) because the City provided inadequate notice before towing its vehicles, and (2) because Los Angeles Municipal Code § 80.73.2 was pre-empted by the California Vehicle Code and thus invalid." *Id.* at 1235. Plaintiff litigated these claims fully and obtained conclusive rulings. In contrast, Defendant will certainly be prejudiced by having to defend at trial against other claims arising in 2003 -- nine years ago -- which it has sound reason to believe Plaintiff abandoned. Permitting a modification at this late stage of the litigation would also burden the Court.

Plaintiff's counsel deserves credit for having pursued this case, and Plaintiff did not act willfully or in bad faith. But it did neglect to pursue or preserve alternative theories, and the administration of justice warrants this result.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-05346 AHM (RCx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | LONE STAR SECURITY & VIDEO, INC. v. CITY OF LOS ANGELES | | |

## III. CONCLUSION

For the foregoing reasons, the Court finds that no issues remain to be resolved. Defendant shall file a [Proposed] Judgment by not later than June 11, 2012.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |